IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY K. RINALDO (NEIFERT),<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>OFFICER RICHARD KOMAR, et al.,<br><br>　　　　　Defendants. | Civil Action No. 05-3037 (JBS)<br><br>**O P I N I O N** |

**APPEARANCES**:

KIMBERLY K. RINALDO (NEIFERT), #48810/194637B,
Plaintiff Pro Se
Edna Mahan Correctional Faciity
Randall Cottage - Wing #6
P.O. Box 4004
Clinton, New Jersey 08809

**SIMANDLE, District Judge**

　　Plaintiff Kimberly K. Rinaldo Neifert ("Neifert"), confined at the Edna Mahan Correctional Facility in Clinton, New Jersey ("EMCF"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  The Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint without prepayment of fees.  See 28 U.S.C. § 1915(a).  Having thoroughly reviewed Plaintiff's allegations, the Court will (1) permit Plaintiff's excessive force claim to proceed as against Defendants Komar, Houck, and Barber; and (2)dismiss the Complaint as against Defendants Spencer, Dawkins, the Galloway Township Police Department, Galloway Township,

Bacon, Mangeruga, the Atlantic County Justice Facility ("ACJF"), and the Warden of ACJF, without prejudice to repleading. The Court also will permit Plaintiff's constitutional medical care claim to proceed and will afford Plaintiff 45 days in which to file an Amended Complaint naming suable Defendants on this claim under § 1983, as well as Plaintiff's other claims, as discussed below.

## I. BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of her rights secured by the Constitution and laws of the United States. Defendants are police officer Richard Komar, officer Gerald Houck, officer Richard Barber, police chief Kevin M. Spencer, Galloway Township, N.J., the Galloway Twp. Police Department, Karen A. Bacon, the Galloway Township Clerk, Joseph N. Mangeruga, and William Dawkins. (Compl., Caption.) Plaintiff also attempts to sue the Atlantic

---

[1] 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

County Justice Facility and its warden for deliberate indifference to her serious medical needs.  (A closely related action raising an identical claim with regard to her medical treatment has since been dismissed as duplicative, see Docket, Civil No. 05-3278 (RBK)).

Plaintiff asserts the following facts: On May 2, 2003, Defendants Mangeruga and Dawkins allegedly conspired to start an argument with the Plaintiff so that they could call the police and have Plaintiff ejected from the house in which all three were living.  (Compl., Statement of Claims.)  On May 3, an argument ensued and the police were called.  (Id.)  When the police arrived, Plaintiff retreated to a bedroom in the house and shut the door.  (Id.)  She refused to come out when requested by the police, and when asked whether any firearms were present, she admitted that a small caliber rifle was in the bedroom.  (Id.)  According to Plaintiff, the bedroom was dark; the police kicked the door in and Defendant Komar thereupon allegedly discharged a shot which caused serious injury to Plaintiff's left hand.  (Id.)  Plaintiff was transported to the Atlantic City Medical Center for emergency surgery.  (Id.)  Plaintiff was thereafter guarded by police in her hospital room, and visited by two officers from the county prosecutor's office on or about May 5.  (Id.)  Plaintiff denied any wrongdoing on her part with respect to the shooting. (Id.)

3

Plaintiff underwent a second surgery on May 6, 2003; she states that one of her fingers had been blown off, that bullet fragments remained in her hand, and that pins had to be inserted with respect to other broken bones. (Id.) On the morning of May 7, Plaintiff was taken to the Atlantic County Jail, where she allegedly was refused medication for excruciating pain in her damaged hand. (Id.) Moreover, on June 10, 2003, she allegedly was taken out of the medical area of the Jail and placed into the general population, despite her objection that she would be far more susceptible to infections in the general population. (Id.) Her repeated requests to see the medical staff were allegedly ignored (Id.) Plaintiff also repeatedly requested to see her doctor, as such a visit had been envisioned 2-4 weeks after the shooting. (Id.) According to Plaintiff, the medical staff refused to change her wound dressing despite being told to do so by her surgeon. (Id.) Plaintiff asserts that her wounds became infected as a result. (Id.) She allegedly also received none of the physical therapy that the medical staff had been ordered to provide. (Id.) Finally, upon the request of her attorney in state court, Plaintiff was taken to her doctor for suture removal and evaluation of her condition. (Id.) Plaintiff's requests to be removed from the general population in order to minimize the chance of infection continued to be ignored. (Id.)

On or about July 10, 2003, Plaintiff felt a snapping in her hand resulting in great pain; upon notification she was given a prescription for Tylenol and "sent on my way." (Id.)  Plaintiff asserts that her hand then swelled to five times its normal size. (Id.)  Despite Plaintiff's pleas to see a doctor, nothing allegedly was done. (Id.)  According to Plaintiff, the court finally ordered that she be seen by a doctor; pins were removed and antibiotics ordered with respect to an allegedly spreading infection. (Id.)  Plaintiff's family provided her bail thereafter, and on August 13, 2003, Plaintiff underwent a third hand surgery. (Id.)  On September 23, 2003, Plaintiff contends that she was threatened by Defendant Mangeruga not to reveal certain information about him. (Id.)

On May 6, 2004, after a jury trial, Plaintiff was convicted of one count of possession of a weapon with intent to harm the person or property of another. (Id.)  Plaintiff was sentenced to a six year term of imprisonment with a three year parole disqualifier. (Id.)

In light of the aforesaid factual background, Plaintiff appears to assert the following claims: (1) excessive use of force in effecting her arrest; (2) constitutionally inadequate medical care; and (3) conspiracy.

**II. DISCUSSION**

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court to review a complaint in a civil action in which a plaintiff is proceeding <u>in forma pauperis</u> and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A.  <u>Standard for Dismissal</u>

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); <u>accord</u> <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168 (1993).  Plaintiff is "required to 'set forth sufficient information to outline the elements of [the] claim or to permit inferences to be drawn that these elements exist.'" <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1357, at 340 (2d ed. 1990)).  The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  <u>Nami v.

6

Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a

7

dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Section 1983 of Title 42 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48-49 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Shaw v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir.1990).

Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must

have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3).  Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior.  Friedland v. Fauver, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)).  The Court will now determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is warranted.

B.  Excessive Force in Effecting Arrest

Plaintiff appears to accuse Defendants Komar, Houck, and Barber of the use of excessive force in arresting her.  This claim is actionable under 42 U.S.C. § 1983.  Given the facts asserted, the Court will permit this claim to proceed in order to develop the factual record.  See Graham v. Connor, 490 U.S. 386 (1989); Cherry v. Garner, 2004 WL 3019241 (E.D.Pa. December 30, 2004). See also Saucier v. Katz, 533 U.S. 194, 201-02 (2001)(to prevail on an excessive force claim, a plaintiff must show that there was a seizure and that the use of force was excessive under objective standards of reasonableness).

C.  Medical Care Claim

In order to recover damages and obtain other relief, Plaintiff must show that Defendants demonstrated "deliberate indifference to [her] serious medical needs."  See Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993); Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988).  She must show (1) that the Defendants were deliberately indifferent to her medical needs and (2) that those needs were serious.  Rouse, 182 F.3d at 197; see also Durmer, 991 F.2d at 67; Boring, 833 F.2d at 471.

A medical need is serious if it has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for treatment. Monmouth County Correctional Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  "In addition, where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." Id.

Officials' actions rise to the level of "deliberate indifference" if reasonable requests for medical care are refused and the inmate is exposed to undue suffering or the threat of tangible residual injury, or if medical treatment is denied or delayed for non-medical reasons.  Monmouth County Correctional Institute Inmates, 834 F.2d at 346-47.  To demonstrate deliberate indifference, a defendant "[must] know ... of and disregard ...

10

an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Non-medical prison personnel will be found to have exhibited deliberate indifference if they "intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problem known to the attendant prison personnel." See Hodge v. Coughlin, 1994 WL 519902, at * 11 (S.D.N.Y. Sept. 22, 1994), aff'd, 52 F.3d 310 (2d Cir.1995); see also Estelle, 429 U.S. at 104-05, (deliberate indifference can be manifested by an intentional denial or delay in access to medical care).

Applying these principles to the instant case, although Plaintiff has set forth facts sufficient to permit the inference that deliberate indifference to a serious medical need may have existed, she has failed to name any suable Defendants. The ACJF is not a "person" suable under 42 U.S.C. §1983, and therefore, not a proper Defendant. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989) (states and governmental entities considered arms of the states are not "persons' under § 1983). See also Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D.Ill. 1993) (Cook County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890, 893-894 (E.D.Va. 1992) (local jail not a "person" under § 1983); Brooks

v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) (city jail not a "person" amenable to suit under § 1983); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir.1973) (state prison medical department not a "person" under § 1983).

The claim against the Warden of ACJF must be stated with greater particularity. Generally, the Civil Rights Act does not provide for liability of a person who is merely a supervisor of the person in the chain of command who violated Plaintiff's rights. Such responsibility of a supervisor, here the Warden of ACJF, is not permitted unless the Warden had actual knowledge of Plaintiff's serious medical needs and was deliberately indifferent to them. It is not clear from the Complaint whether Plaintiff is alleging that the Warden had such knowledge and was deliberately indifferent; if so, the claim can go forward, and if not, it is precluded because such supervisory liability (under the doctrine called "respondeat superior") is not permitted under Section 1983. Because the Complaint currently asserts no more than a claim of respondeat superior liability for Plaintiff's medical treatment against the Warden of ACJF, a claim not actionable under 42 U.S.C. §1983. See Rode, supra.[2] The Court

---

[2] The Court also notes that, with respect to the Warden of ACJF, courts in the Third Circuit "have repeatedly refused to hold supervisory officials who are not physicians liable where, as here, the plaintiff has received medical and/or psychiatric treatment." See Daniels v. Delaware, 120 F. Supp.2d 411, 427 (D.Del. 2000) (citing Durmer, supra (warden and state commissioner for corrections were not deliberately indifferent

also will dismiss all claims against this Defendant, without prejudice to Plaintiff's right to assert a more specific claim against the Warden of ACJF in her Amended Complaint.  As mentioned above, because Plaintiff's factual recital does appear to raise a constitutional medical claim, the Court will afford Plaintiff 45 days leave in which to file an Amended Complaint naming suable Defendants with respect to this claim.

D.  Conspiracy

To proceed on a conspiracy cause of action under § 1983, the Plaintiff must first allege, with sufficient particularity, the existence of a conspiracy.  Plaintiff must set forth facts sufficient to permit the inference of a combination, agreement or understanding among all or between any of the Defendants. Safeguard Mut. Ins. Co. v. Miller, 477 F.Supp. 299, 303-304 (E.D. Pa. 1979) (citing Ammlung v. City of Chester, 494 F.2d 811, 814 (3d Cir. 1974)).  Moreover there must be allegations of fact supporting an inference that the Defendants plotted, planned, or conspired together to carry out the object of the conspiracy. Id.

In the conspiracy context, the requirement of personal participation in the alleged wrongdoing means that there must be

---

for failing to respond directly to prisoner's medical complaints where prisoner was receiving treatment from prison doctor).

evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right.  Williams v. Fedor, 69 F.Supp.2d 649, *664-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3rd Cir. 2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir.1999)). See also Kelley v. Myler, 149 F.3d 641, 648-49 (7th Cir.1998); (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist); Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988) (plaintiff must show that the defendants " 'reached an understanding to violate [his] rights' "); Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir.1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law').  Plaintiff simply has failed to assert with sufficient particularity the existence of a conspiracy against her by any group of Defendants actionable under 42 U.S.C. § 1983. The Court also will dismiss this claim, without prejudice to reasserting a proper conspiracy claim, consistent with the discussion above, in her Amended Complaint, if she can do so.

E.  Remaining Defendants

In addition to the ACJF, the Galloway Twp. Police Department is not a "person" suable under 42 U.S.C. §1983, and therefore, not a proper Defendant.  See PBA Local No. 38 v. Woodbridge

14

Police Dept., supra.  Moreover, the Complaint asserts no more than a claim of respondeat superior liability against Defendants Spencer and Bacon, a claim not actionable under 42 U.S.C. §1983, as discussed above, unless Spencer and Bacon are alleged to have personally participated in the constitutional violation.  See Rode, supra.  The Court also will dismiss all claims against these Defendants, without prejudice to repleading in an Amended Complaint.

Moreover, construing Plaintiff's claims as against Atlantic County and Galloway Twp., even a liberal construction of the Complaint fails to show the existence of policies or practices on the part of either governmental entity to ignore, tolerate, or acquiesce in any allegedly unconstitutional activities of its employees.  Under 42 U.S.C. § 1983, municipal liability only arises when a constitutional deprivation results from an official custom or policy.  Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998) (citing Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691-94 (1978)).  The municipality may also be liable under § 1983 for a failure to train its employees where such failure "amounts to deliberate indifference to the rights of persons with whom the [employees] come in contact." Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). Plaintiff simply has failed to set forth any facts supporting the

15

existence of any custom or policy of deliberate ignorance, toleration, acquiescence or deliberate indifference on the part of the municipality or county with respect to any of Plaintiff's claims.[3]

### III.  CONCLUSION

Based on the foregoing discussion, the Court will grant in forma pauperis status to Plaintiff; permit Plaintiff's excessive force and medical care claims to proceed; dismiss the remainder of the Complaint as against all Defendants without prejudice; and grant Plaintiff 45 days' leave in which to file an Amended Complaint naming suable Defendants with respect to her medical claim and restating her claims for conspiracy with greater specificity, as provided above.

An appropriate Order accompanies this Opinion.


**January 19, 2006**          s/ Jerome B. Simandle
Dated                    JEROME B. SIMANDLE
                         UNITED STATES DISTRICT JUDGE

---

[3] At most, Plaintiff's current assertions may outline negligence, which simply is not actionable under 42 U.S.C. § 1983. Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 332-33 (1986) (protections of constitution's due process clause are not triggered by lack of due care by prison officials); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977) (medical malpractice in treatment of prisoner does not rise to level of constitutional violation unless deliberately indifferent to serious medical needs).