```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KIMBERLY K. RINALDO (NEIFERT), | Civil No. 05-3037 (JBS) |
| Plaintiff, | |
| v. | OPINION |
| OFFICER RICHARD KOMAR, et al., | |
| Defendants. | |

**APPEARANCES:**

Kimberly K. Rinaldo (Neifert), #48810/194637B,
Edna Mahan Correctional Facility
Randall Cottage - Wing #6
P.O. Box 4004
Clinton, New Jersey 08809
    Plaintiff Pro Se

Thomas B. Reynolds, Esq.
REYNOLDS, DRAKE, WRIGHT & MARCZYK
29 North Shore Road
Absecon, NJ 08201
    Attorney for Defendants Barber, Houck and Komar

Donna M. Taylor, Esq.
ATLANTIC COUNTY LAW DEPARTMENT
8th Floor
Atlantic City, NJ 08401
    Attorney for Defendant County of Atlantic

Timothy T. Myers, Esq.
Roger J. Harrington, Esq.
ELLIOTT GREENLEAF & SIEDZIKOWSKI
925 Harvest Drive
Suite 300
Blue Bell, PA 19422
    Attorneys for Third Party Defendant Correctional Medical
    Care, Inc. and Cross Claimant Emre Umar

**Simandle, District Judge:**

## I.  INTRODUCTION

Currently pending before the Court are motions for judgment on the pleadings by Defendants Barber [Docket Item 25], Houck [Docket Item 26], Komar [Docket Item 27] and County of Atlantic ("Atlantic County") [Docket Item 30].  For the reasons explained below, the Court shall grant the motions for judgment on the pleadings and dismiss Plaintiff's claims against these four defendants.

## II.  BACKGROUND

In June 2005, Plaintiff brought this action, pursuant to 42 U.S.C. § 1983, alleging, among other things that Officers Barber, Houck, and Komar used excessive force in arresting her on May 3, 2003 .  The Court screened the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and permitted Plaintiff to proceed with her excessive force claims against them.  Rinaldo v. Komar, No. 05-3037,  2006 U.S. Dist. LEXIS 2267, at *11 (D.N.J. Jan. 19, 2006).

The Court also construed the Complaint as alleging a claim of deliberate indifference to serious medical needs.  Id. at *13.  However, because Plaintiff asserted these claims against defendants who were not suable, the Court did not permit this claim to proceed.  Id. at *13-15.  Specifically, the Court found that the Atlantic County Justice Facility was not a "person"

2

within the meaning of 42 U.S.C. § 1983 and that Plaintiff had not alleged that the Warden of the facility had specific knowledge of her needs.  Id.  Rather, it appeared that Plaintiff was merely suing the Warden on a supervisory liability theory, which is not viable under § 1983.  Id. at *14-15.  However, the Court afforded Plaintiff forty-five days to amend her Complaint to add proper parties as defendants for her deliberate indifference claims. Id. at *15.  In addition, the Court held that the Complaint failed to state a claim against the County, itself, because there was no allegation of any failure to train nor any allegation that any official custom or policy caused Plaintiff's alleged constitutional deprivations.   Id. at *18.

   Plaintiff's Amended Complaint apparently asserts claims for deliberate indifference to serious medical needs by Atlantic County and the medical staff at the Atlantic County Justice Facility.[1]  However, only Barber, Houck, Komar and the County were served with the Amended Complaint.  Therefore, Atlantic County is the only properly served defendant allegedly implicated in Plaintiff's deliberate indifference claim.

   The County answered the Amended Complaint, filed a third-party Complaint against Correctional Medical Care, Inc., and cross-claimed against Defendants Barber, Houck and Komar.

---

   [1]  The differences between the Original Complaint and the Amended Complaint are insignificant.

Defendants Barber, Houck and Komar answered the Amended Complaint, filed a third-party Complaint against Correctional Medical Care, Inc. and asserted a cross-claim against the County.

These motions for judgment on the pleadings followed. See Fed. R. Civ. P. 12(c). Specifically, Defendants Barber, Houck and Komar asserted that Plaintiff's claims against them were barred by the applicable statute of limitations and the County asserted that it is not suable under § 1983.

**III. DISCUSSION**

    **A.    Rule 12(c) Standard**

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." While motions to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), must be brought before, and in lieu of, filing answers, a Rule 12(c) motion is appropriate after the defendants have answered the Complaint, as in this case.[2] Thus, the parties properly moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c).

However, the difference between Rules 12(b)(6) and 12(c) is purely procedural, as the same standards govern both motions. See Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d

---

[2] Defendants Barber, Houck and Komar asserted statute of limitations defenses in their Answers, so that argument has not been waived.

Cir. 1991); Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("There is no material difference in the applicable legal standards").  The Court must take all allegations in the Complaint as true and view them in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1988); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984).  A district court must accept any and all reasonable inferences derived from those facts stated in the Complaint, Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991), and must deny the motion for judgment on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the asserted claims that] would entitle [her] to relief," Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The question before the Court is not whether the plaintiff will ultimately prevail; rather, it is whether that plaintiff can prove any set of facts in support of its claims that would entitle it to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Therefore, the Court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the plaintiff, those allegations state a legal claim.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).

**B.    Motions by Defendants Barber, Houck and Komar**

Officers Barber, Houck and Komar move for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), on the ground that Plaintiff's Complaint alleges claims against them that are barred by the applicable statute of limitations.

The Court wrote to Plaintiff to alert her to the Court's concern that the action might be time-barred and to request that she address that concern in her opposition the motion. Plaintiff never filed opposition to any of the motions for judgment on the pleadings.

Plaintiff's Complaint and Amended Complaint allege that Defendants Barber, Houck and Komar used excessive force against her "on or about May 2, 2003." (Am. Compl. at 3.) Plaintiff signed her Complaint on June 1, 2005 and filed it with the Clerk on June 8, 2005. However, this § 1983 claim, which alleges unconstitutional conduct that occurred in New Jersey, is subject to a two-year statute of limitations. Wilson v. Garcia, 471 U.S. 261, 280 (1985) (local statute of limitations for personal injury claims applies to § 1983 actions); N.J. Stat. Ann. § 2A:14-2 (limitations period is two years). Thus, Plaintiff's Complaint was untimely and the Court must grant this motion for judgment on the pleadings.

On the face of the Complaint, Plaintiff's claims against the police officers are time-barred and must be dismissed, pursuant

to Fed. R. Civ. P. 12(c). The Court shall enter an Order granting the motion for judgment on the pleadings in favor of Defendants Barber, Houck and Komar.

### C. Motion by Defendant Atlantic County

Furthermore, because Plaintiff's Amended Complaint remains deficient as to Defendant Atlantic County in the same ways the original Complaint was deficient, the Court shall grant the County's motion for judgment on the pleadings and dismiss, with prejudice, all claims asserted against the County. Furthermore, because Plaintiff has failed, despite being given time to do so, to timely amend her complaint to add claims against any entity suable for deliberate indifference to serious medical needs, the Court shall dismiss that claim in its entirety.

### IV. CONCLUSION

The Court shall grant the motions for judgment on the pleadings. This disposes of all remaining claims by Plaintiff Kimberly Rinaldo. The Court shall, therefore, dismiss the various pending cross-claims and third party claims, which seek only contribution and indemnification related to the underlying action, and shall close the case. An accompanying Order shall be entered.

**January 12, 2007**                              s/ Jerome B. Simandle
Date                                              Jerome B. Simandle
                                                  U.S. District Judge